UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA

www.flsb.uscourts.gov

## CHAPTER 13 PLAN (Individual Adjustment of Debts)

☐ _____  Original Plan

■ 4th _____  Amended Plan (Indicate 1st, 2nd, etc. Amended, if applicable)

☐ _____  Modified Plan (Indicate 1st, 2nd, etc. Modified, if applicable)

DEBTOR: ROGER LLANES _____  JOINT DEBTOR: _____  CASE NO.: 22-15830 LMI _____

SS#: xxx-xx- 3609 _____  SS#: xxx-xx- _____

## I.    NOTICES

**To Debtors:**   Plans that do not comply with local rules and judicial rulings may not be confirmable. All plans, amended plans and modified plans shall be served upon all creditors and a certificate of service filed with the Clerk pursuant to Local Rules 2002-1 (C)(5), 3015-1(B)(2), and 3015-2. Debtor(s) must commence plan payments within 30 days of filing the chapter 13 petition or within 30 days of entry of the order converting the case to chapter 13.

**To Creditors:**   Your rights may be affected by this plan. You must file a timely proof of claim in order to be paid. Your claim may be reduced, modified or eliminated.

**To All Parties:**   The plan contains no nonstandard provisions other than those set out in paragraph IX. Debtor(s) must check one box on each line listed below in this section to state whether the plan includes any of the following:

| | | |
|---|---|---|
| The valuation of a secured claim, set out in Section III, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ■ Not included |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section III | ☐ Included | ■ Not included |
| Nonstandard provisions, set out in Section IX | ■ Included | ☐ Not included |

## II.    PLAN PAYMENTS, LENGTH OF PLAN AND DEBTOR(S)' ATTORNEY'S FEE

**A.   MONTHLY PLAN PAYMENT:** This Plan pays for the benefit of the creditors the amounts listed below, including trustee's fees of 10%, beginning 30 days from the filing/conversion date. In the event the trustee does not retain the full 10%, any unused amount will be paid to unsecured nonpriority creditors pro-rata under the plan:

1.   $2,892.22 _____  for months  1  to  60  ;

**B.   DEBTOR(S)' ATTORNEY'S FEE:**   ☐ NONE   ☐ PRO BONO

| Total Fees: $7,100.00 | Total Paid: $1,500.00 | Balance Due: $5,600.00 |
|---|---|---|

Payable  $200.00  /month (Months  1  to  28  )

Allowed fees under LR 2016-l(B)(2) are itemized below:
SAFE HARBOUR FEES $4500.00 PLUS MMM $2600.00 = $7100.00

Applications for compensation must be filed for all fees over and above the Court's Guidelines for Compensation.

## III.    TREATMENT OF SECURED CLAIMS   ☐ NONE

**A.   SECURED CLAIMS:**   ☐ NONE

[Retain Liens pursuant to 11 U.S.C. §1325 (a)(5)] Mortgage(s)/Lien on Real or Personal Property:

1.   Creditor: Lennar Mortgage, LLC F/K/A Eagle Home Mortgage, LLC f/k/a Universal American Mortgage Company LLC

Address: 1 Corporate Drive
Suite 360
Lake Zurich, IL 60047

Arrearage/ Payoff on Petition Date   $62,563.66

MMM Adequate Protection   $2,200.00  /month (Months  1  to  60  )

Last 4 Digits of
Account No.:   6100

Other: _____

Debtor(s): ROGER LLANES                                    Case number: 22-15830 LMI

☑ Real Property                              Check one below for Real Property:

   ☑ Principal Residence              ☑ Escrow is included in the regular payments

   ☐ Other Real Property             ☐ The debtor(s) will pay    ☐ taxes    ☐ insurance directly

Address of Collateral:

11742 SW 250 Street, Homestead, FL  33032

☐ Personal Property/Vehicle

Description of Collateral: _____

---

2.  Creditor: Artesa Community Association _____

   Address: 8200 NW 41 Street | Arrearage/ Payoff on Petition Date | _____ |
|        #200 | Arrears Payment (Cure) | $200.00 | /month (Months  29  to  43 ) |
|        Miami, FL  33166 | Regular Payment (Maintain) | $203.42 | /month (Months  1  to  60 ) |

Last 4 Digits of
Account No.:            2243

Other: _____

☑ Real Property                              Check one below for Real Property:

   ☑ Principal Residence              ☐ Escrow is included in the regular payments

   ☐ Other Real Property             ☐ The debtor(s) will pay    ☐ taxes    ☐ insurance directly

Address of Collateral:

11742 SW 250 Street, Homestead, FL  33032

☐ Personal Property/Vehicle

Description of Collateral: _____

---

**B.  VALUATION OF COLLATERAL:**    ☑ NONE

**C.  LIEN AVOIDANCE**    ☑ NONE

**D.  SURRENDER OF COLLATERAL:**    ☐ NONE

Secured claims filed by any creditor granted stay relief in this section shall not receive a distribution from the Chapter 13 Trustee.

  ☑ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the automatic stay be terminated in rem as to the debtor(s) and in rem and in personam as to any codebtor(s) as to these creditors.

  ☐ Other: _____

| | Name of Creditor | Last 4 Digits of Account No. | Description of Collateral (Address, Vehicle, etc.) |
|---|---|---|---|
| 1. | Household Finance/One Main Financial | 4745 | 2011 Mercedes Benz GL 450 |

**E.  DIRECT PAYMENTS**    ☐ NONE

Secured claims filed by any creditor granted stay relief in this section shall not receive a distribution from the Chapter 13 Trustee. The debtor(s) elect to make payments directly to each secured creditor listed below. The debtor(s) request that upon confirmation of this plan the automatic stay be terminated in rem as to the debtor(s) and in rem and in personam as to any codebtor(s) as to these creditors. Nothing herein is intended to terminate or abrogate the debtor(s)' state law contract rights.

| | Name of Creditor | Last 4 Digits of Account No. | Description of Collateral (Address, Vehicle, etc.) |
|---|---|---|---|
| 1. | American Credit Acceptance | 3609 | 2018 Mercedes Benz GL 550E |
| 2. | U.S. Department of Housing and Urban Development | 0803 | 11742 SW 250 Street, Homestead, FL  33032 |

**IV.    TREATMENT OF FEES AND PRIORITY CLAIMS** [as defined in 11 U.S.C. §507 and 11 U.S.C. § 1322(a)(4)]    ☑ NONE

Debtor(s): ROGER LLANES _____   Case number: 22-15830 LMI _____

**V.**   **TREATMENT OF UNSECURED NONPRIORITY CREDITORS**   ☐ NONE

    **A.** Pay _____ $200.00 _____ /month (Months _44_ to _60_ )

    Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

    **B.** ■ If checked, the Debtor(s) will amend/modify to pay 100% to all allowed unsecured nonpriority claims.

    **C.** SEPARATELY CLASSIFIED:   ■ NONE

**VI.**   **STUDENT LOAN PROGRAM**   ■ NONE

**VII.**   **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**   ■ NONE

**VIII.**   **INCOME TAX RETURNS AND REFUNDS:**

    ■ The debtor(s) is hereby advised that the chapter 13 trustee has requested that the debtor(s) comply with 521(f) 1-4 on an annual basis during the pendency of this case. The debtor(s) hereby acknowledges that the deadline for providing the Trustee with their filed tax returns is on or before May 15 of each year the case is pending and that the debtor(s) shall provide the trustee (but not file with the Court) with verification of their disposable income if their gross household income increases by more than 3% over the previous year's income. [Miami cases]

**IX.**   **NON-STANDARD PLAN PROVISIONS** ☐ NONE

    ☐ Nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Local Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

_____

■ Mortgage Modification Mediation

Debtor(s): ROGER LLANES _____   Case number: 22-15830 LMI

1   The debtor has filed a Verified Motion for Referral to MMM with:

Lennar Mortgage, LLC F/K/A Eagle Home Mortgage, LLC f/k/a Universal American Mortgage Company   ("Lender")
LLC

loan number 0020446100

for real property located at 11742 SW 250 Street, Homestead, FL  33032

The parties shall timely comply with all requirements of the Order of Referral to MMM and all Administrative Orders/Local Rules regarding MMM.  While the MMM is pending and until the trial/interim payment plan or the permanent mortgage modification/permanent payment is established by the parties, absent Court order to the contrary, the debtor has included a post-petition monthly plan payment (a) with respect to the debtor's homestead, of no less than the lower of the prepetition monthly contractual mortgage payment or 31% of the debtor's gross monthly income (after deducting any amount paid toward HOA fees due for the property) and (b) with respect to income producing property, of no less than 75% of the gross income generated by such property, as a good faith adequate protection payment to the lender. All payments shall be considered timely upon receipt by the trustee and not upon receipt by the lender.

Until the MMM is completed and the Final Report of Mortgage Modification Mediator is filed, any objection to the lender's proof of claim on the real property described above shall be held in abeyance as to the regular payment and mortgage arrearage stated in the proof of claim only.  The debtor shall assert any and all other objections to the proof of claim prior to confirmation of the plan or modified plan.

If the debtor, co-obligor/co-borrower or other third party (if applicable) and the lender agree to a settlement as a result of the pending MMM, the debtor will file the MMM Local Form "Ex Parte Motion to Approve Mortgage Modification Agreement with Lender" (or Self-Represented Debtor's Motion to Approve Mortgage Modification Agreement with Lender) no later than 14 calendar days following settlement.  Once the settlement is approved by the Court, the debtor shall immediately amend or modify the plan to reflect the settlement and the lender shall amend its Proof of Claim to reflect the settlement, as applicable.

If a settlement is reached after the plan is confirmed, the debtor will file a motion to modify the plan no later than 30 calendar days following approval of the settlement by the Court and the Lender shall have leave to amend its Proof of Claim to reflect the settlement reached after confirmation of the plan.  The parties will then timely comply with any and all requirements necessary to complete the settlement.

In the event the debtor receives any financial benefit from the lender as part of any agreement, the debtor shall immediately disclose the financial benefit to the Court and the trustee and amend or modify the plan accordingly.

If the lender and the debtor fail to reach a settlement, then no later than 14 calendar days after the mediator's Final Report is filed, the debtor will amend or modify the plan to (a) conform to the lender's Proof of Claim (if the lender has filed a Proof of Claim), without limiting the Debtor's right to object to the claim or proceed with a motion to value; or (b) provide that the real property will be "treated outside the plan."  If the property is "treated outside the plan," the lender will be entitled to in rem stay relief to pursue available state court remedies against the property.  Notwithstanding the foregoing, lender may file a motion to confirm that the automatic stay is not in effect as to the real property.

Confirmation of the plan will be without prejudice to the assertion of any rights the lender has to address payment of its Proof of Claim.

Debtor(s): <u>ROGER LLANES</u>                    Case number: <u>22-15830 LMI</u>

## PROPERTY OF THE ESTATE WILL VEST IN THE DEBTOR(S) UPON PLAN CONFIRMATION.

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.


|                          Debtor                          |                Joint Debtor                |
|---|---|
| ROGER LLANES                         Date                | Date |


EMMANUEL PEREZ                    December 9, 2022
                                                    Date
Attorney with permission to sign on
Debtor(s)' behalf who certifies that
the contents of the plan have been
reviewed and approved by the
Debtor(s).[1]


**By filing this document, the Attorney for Debtor(s) or Debtor(s), if not represented by counsel, certifies that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Local Form Chapter 13 Plan and the plan contains no nonstandard provisions other than those set out in paragraph IX.**

---

[1]This certification requirement applies even if the Debtor(s) have executed a limited power of attorney to Debtor(s)' attorney authorizing the attorney to sign documents on the Debtor(s)' behalf.